UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUD ROSSMANN,<br><br>        Plaintiff,<br><br>v.<br><br>SUSAN WOJCICKI, ET AL.,<br><br>        Defendants. | Case No.: 3:19-CV-00014 JAH (NLS)<br><br>**ORDER DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>(ECF No. 2) |

Presently before the Court is Plaintiff Brud Rossmann's Motion to Proceed *In Forma Pauperis* ("IFP") ("Mot.," ECF No. 2).

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the party is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that the party is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Plaintiff has filed an affidavit indicating his total monthly income is $750 (received through Supplemental Security Income) and that he is currently unemployed and has no

other assets. Mot. at 1. Plaintiff indicates that his monthly expenses total $1,500 and he has approximately $21,000 in outstanding student loan debt. *Id.* at 2. In his Complaint ("Compl.," ECF No. 1), however, Plaintiff maintains that he is a decorated trial attorney and venture capitalist and lives in a unit at an upscale apartment complex in San Diego. Compl. at p. 1 and ¶ 1. Plaintiff's Complaint also refers to real property he owns in the District. Compl. ¶ 30. Plaintiff's Motion fails to explain how he is able to maintain his apartment and property in San Diego despite his alleged money deficit. *See* Compl. at 1. These same concerns were raised in a recent case from this District; Plaintiff failed to address them in that case and has failed to address them here. *See Rossman v. Scaramucci*, No. 15-cv-2693 LAB (MDD), 2015 WL 8482760, at *1 (S.D. Cal., Dec. 8, 2015). Given these facts, the Court in unable to conclude that Plaintiff is unable to pay the requisite fees and costs. Accordingly, the court **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2).

Even if Plaintiff were granted IFP status, however, the Court would dismiss the Complaint for numerous reasons. The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoner."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim"). "A court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981)).

Here, Plaintiff filed an incomprehensible 155-page Complaint filled with highly offensive language, including anti-Semitic and racist epithets and potential threats of violence against unnamed individuals. *See, e.g.*, Compl. at pp. 1, 20–21, 29, 46. Plaintiff's

2

3:19-CV-00014 JAH (NLS)

allegations are fanciful and unsupported by any facts. It is thus clear to the Court that Plaintiff's Complaint is frivolous.

In addition to being frivolous, Plaintiff fails to state a cognizable claim. All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The closest Plaintiff gets to meeting this standard is his allegations that Defendants violated 18 U.S.C. § 1030 because they "hijacked, commandeered, [and] otherwise unlawfully utilized" Plaintiff's computers "to effect theft, fraud, or conversion of his and others' property." Compl. ¶ 159. But Plaintiff provides no factual support for these allegations. Indeed, at no point in his rambling, incoherent Complaint is there anything that could even be considered a rational thought.

For these reasons, if Plaintiff files a renewed IFP motion, he should also file an amended complaint. The Court warns Plaintiff to abstain from using the same type of offensive language contained in his original Complaint in any future pleadings. This language lacks a place in pleadings submitted to the Court and in decent human interactions. Should Plaintiff fail to heed this warning, the Court may exercise its power pursuant to Federal Rule of Civil Procedure 12(f) to *sua sponte* "strike from a pleading [any] . . . immaterial, impertinent, or scandalous matter" that is present in future filings.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2). Plaintiff **MUST** either pay the filing fee or file a renewed motion to proceed IFP no later than June 21, 2019. *Should Plaintiff fail to file a renewed motion to proceed IFP and correct the deficiencies in his Complaint identified by the Court within the time provided, the Court may dismiss this civil action without leave to amend.*

**IT IS SO ORDERED.**

Dated: June 10, 2019

Hon. Janis L. Sammartino
United States District Judge